#### Staunton

## HONAKER, ADMINISTRATOR, V. STARKS.

September 9, 1912.

Absent, Cardwell, J.

1. WILLS—*Construction—Case at Bar—Description of Property.*—In a will containing no residuary clause, a bequest of my stock (one share) in the bank of B., by a testatrix who owned five shares, carries all of the five shares owned by the testatrix. The term "my stock" is sufficiently comprehensive to cover all the stock owned by the testatrix, and the parenthetical words "one share" are merely an attempted, but mistaken, description thereof.

2. WILLS—*Construction—Statements of Quantity.*—Statements of quantity are seldom given much weight in the construction of wills because the amount is not often exactly known, and is easily mistaken. Where the subject is sufficiently and clearly ascertained, though there be added particulars of description, which are found to be false or mistaken, effect will be given to the devise, notwithstanding; and the false or mistaken description will be rejected.

3. WILLS—*Construction — Intestacy — Presumption.*—When a man makes a will, the presumption is, in the absence of evidence to the contrary, that he intends thereby to dispose of his whole estate. Hence, where two modes of interpretation are possible, that one is preferred which will prevent either total or partial intestacy.

Appeal from a decree of the Circuit Court of Bland county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Williams & Williams,* for the appellant.

*A. R. Porterfield* and *W. J. Henson,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The last will and testament of Rebecca J. Hicks was duly probated in Bland county on the 10th day of March, 1909. The testatrix disposes of her estate, real and personal, to a number of devisees and legatees, there being no residuary clause in the will.

The seventh clause of the will is as follows: "I give, devise and bequeath to C. M. Starks my stock (one share) in the Bank of Bland County, located at Bland, Va."

The record shows that the testatrix owned five shares of stock in the bank mentioned, and it is contended by the appellant that, under the seventh clause, the appellee took only one share of stock and that the testatrix died intestate as to the remaining four shares.

We are of opinion that the devise of "my stock" carried with it the five shares of stock owned by the testatrix in the Bank of Bland, and that such devise was not limited or in any way diminished by the subsequent parenthetical words ("one share"). This was merely an attempted, but mistaken, description of the stock owned by the testatrix in the Bank of Bland, which had previously been disposed of by the use of the broad term "my stock," which was five shares.

Statements of quantity are seldom given much weight, because the amount is not often exactly known, and is easily mistaken. Where the subject is sufficiently and clearly ascertained, as it is in the case before us, by the use of the words "my stock," though there be added particulars of description, which are found to be false or mistaken, effect will be given to the devise, notwithstanding; and the false or mistaken description will be rejected. *Wootton* v. *Redd's Ex'or,* 12 Gratt. (53 Va.) 196; *Savings*

*Bank* v. *Stewart,* 93 Va. 447, 25 S. E. 543.   If this view needed any support, it is strengthened by the fact that the construction insisted upon by the appellant would create a partial intestacy, which should be avoided if possible.

When a man makes a will, the presumption, in the absence of evidence to the contrary, is that he intended thereby to dispose of his whole estate.   Accordingly, where two modes of interpretation are possible, that is preferred which will prevent either total or partial intestacy. Michie's Digest (Va.) 787, and cases there cited.

In the case under consideration, it is obvious, from the will, taken as a whole, that the testatrix did not intend to die intestate as to any part of her estate, and that she did intend to give to the appellee the five shares of stock owned by her in the Bank of Bland County.   This conclusion was reached by the circuit court, and its decree must be affirmed.

*Affirmed.*